Good afternoon, your honors. May it please the court. I'm Jeremy Keeney with Perkins Coie. I am pro bono counsel for a plaintiff appellant, Mr. Louis Branch. I'd like to reserve two minutes for rebuttal. You may, and thank you for your service in this case. Oh, you're welcome. In this pro se prisoner civil rights case, Mr. Branch describes what happens to snitches in prison. After submitting a declaration to the warden and other complaints, Mr. Branch believes he was retaliated against when defendants threatened him, transferred him while officials called him a snitch and other disparaging names, failed to intervene when he was brutally beaten, and sabotaged his personal legal property. These claims were adequately pleaded, but on remand, district judge improperly dismissed them and denied Mr. Branch's motion to revoke consent to the magistrate judge. We respectfully request the panel reverse the district court's order, reinstate Mr. Branch's claims, and remand for the four issues raised on appeal. I plan to spend most of my time today on the jurisdictional and dismissal issues. So first, without contemporaneous consent, the magistrate judge lacked jurisdiction to preside over trial. Mr. Branch's seven-year-old pro se consent form was insufficient to establish contemporaneous consent. Why is that? Where does anything say the consent has to be contemporaneous counsel? We pulled this from two places, your honor. First is a footnote where the previous panel flagged the issue that the statutory scheme seems to contemplate contemporaneous consent as opposed to this piecemeal seven-year consent. The previous panel concluded that that was a subject matter jurisdiction issue or concern, then they would have addressed it, wouldn't they? I mean, they say in the footnote that without citation to authority or any analysis that that may be the case, which suggests it's, they did it as a fact that's waivable. I mean, if it's a subject matter jurisdiction that's not waivable, why didn't the previous panel address it? So how does that footnote help you rather than hurt you? Yeah, so three points I would like to raise with that footnote, your honor. The first is the previous panel did not consider the merits. They explicitly noted in footnote four that they weren't. Second, in that footnote, they did not say that the argument was either waived or forfeited. This is something panels do all the time, but that panel did not in footnote four. And number three, with the remand that that panel was issuing, that could have mooted the issue. And so there was no need to consider the arguments in that opinion. In the panel notes, what they said is the parties didn't raise this. They didn't argue this or brief, and we're not going to reach it. I mean, that seems to be viewed as a non-waivable issue of jurisdiction. Oh, I mean, because your argument is, yes, we didn't raise it on previous appeal, but we didn't have to. I mean, isn't that your argument that it's okay? It's subject matter jurisdiction. So the court can consider it at any time. Yes. Yes. So we can raise it at any time. That's our position, your honor. And my line of question is directed at the previous panel's footnote, which doesn't seem to suggest that they viewed it that way. They didn't address it, your honor. They didn't say whether they viewed it as either a legal or a factual issue. But I think it's pretty clear here that we're raising a legal issue that relates to subject matter jurisdiction. And this is a non-waivable legal issue of subject matter jurisdiction, and they didn't reach it. They just let it slide. I mean, they would have an obligation to raise it on their own, even if the parties didn't. I think they may raise it on their own, but I'm not sure that- They must. I mean, if this is a subject matter jurisdiction problem, were they supposed to just let it slide and not deal with it? Well, they recognized in footnote nine, your honor, that when they remanded the case, that there was a possibility that the magistrate judge's judgment would be vacated, which the implication of that is it would moot the entire issue completely. So they didn't need to address it. But also, I don't believe defendants raised that argument in their briefs, that because of the previous panel didn't address it, that it's a possibility. Apart from the footnote that you're talking about in the previous panel, when I asked where is it written that simultaneous consent is required, is there any other place I should be looking? That's a primary place, your honor. The rest of our arguments are pulled from the statute and from the legislative history, both of which talk about the consent of the parties and the decision of the parties, which seems to be a very intentional use that there is either one decision or one consent and not piecemeal that can occur over the period of seven years. How long is too long? Well, that's a good question, your honor. And there's a couple of ways of looking at this. The narrow way to decide would be seven years is too long. That's a point that defendants don't seem to seriously contest. If the court wanted a more narrow resolution, they could hold whenever the district court reminds the parties of the availability of the magistrate judge, that at that point, they need to file new consent forms. And the reason for that would be twofold. Number one, the district court at that time or the district judge wouldn't know which parties have consented, not consented. So as a practical matter, they would have to send these consent forms to all the parties. And number two, the rules and the statute discuss the warning that the parties are free to withhold their consent. And they would only be able to withhold consent if they haven't already provided it. So we think that would be a narrower way to look at it. And if the panel wanted to go one step further, could look at contract law for analogy. When would an offer expire? If you view Mr. Branch as submitting his consent form as an offer and the other side potentially responding, offers under the, at least as described in the restatement of contracts, expire when they're looking. If you look at Williston's on contract offers are valid indefinitely until they're either revoked or accepted. So I'm not sure you can just import contract law because contract law, I don't think necessarily clearly establishes what you're suggesting. Well, at least under the restatement of contracts, it expires after a reasonable period. And at this point, we would argue that a reasonable period is about 30 days, which is nowhere near seven years. These forms have on there that they need to be returned within 30 days. And that seems to be a pretty consistent practice. So one of the, I don't know, I'm not sure I would call it an issue, but one of the things that concerned me as I read your briefing on this is that every district in the United States probably addresses these consent issues with slightly different procedures and forms. Now, the form you cited is an administrative office form, I think was created in like 1987. You cited it from the district of Arizona's website. But there are two forms on the district of Arizona website. One is used when a case comes off the wheel and is assigned to a district judge. And the other is used when the case comes off the wheel is assigned to a magistrate judge. So in Arizona, at least 25% of the cases off the wheel immediately go to a magistrate judge. I don't know what the district in California, it's a central district, I'm not sure what their process is, but that doesn't seem to provide any reason to basis for us to decide timing. So for example, if a case goes to a district judge, the form requests that both parties sign it because if one or the other does, or all parties, it doesn't reassign the case to a magistrate judge. But if a case goes to a magistrate judge, you need to know if you have consent. And so those forms go separately to all the parties who return them separately at whatever time they return them. And if they don't return them, then an order to show cause is issued. But there's nothing that requires that it's contemporaneous or they sign the same form. So given the multiple ways that this consent process can be implemented in districts, and I don't think there's anything in the statute that precludes the districts from doing that, I don't see a basis for your argument that it has to be contemporaneous. It's our position, Your Honor, that the statute appears to contemplate a more contemporaneous system. You're basing that on a grammatical analysis of a plural possessive, right? The party's consent. But we could think of numerous ways in which you would use phrasing like that, the party's briefs. That doesn't suggest that you guys join together in the brief. You have separate briefs. Yes, so we do focus on this. You know, I mean, work is not a word that we typically pluralize like consent. It doesn't mean that your work is joint. Yes, Your Honor, we do focus on the text of the statute, but we focus on the word consent and decision. Those are both singular. And if there were multiple, we think, you know, Congress would have used the words decisions and consents to reflect if there were multiple. Now I see I only have a few minutes left. If it's okay, I would like to move on to the dismissal issues. Go right ahead. Thank you, Your Honor. On remand, the district court improperly dismissed Mr. Branch's retaliation claims against Umfenauer, Soleil, Alvarez, Powers, and Mancinas. Mr. Branch's brief provides an overview element by element of the allegations that he made, and the reasonable inferences that can be drawn from those. As to the last two, well, in my chart, Salazay, I don't know if I'm pronounced that, Salazay and Al-Azhar, right? As to those two, where's the allegation that those two were aware of his grievance? So it's not specifically alleged, and it's our position that the court should have based on the fact that they didn't intervene. Based on the fact of what? Them not intervening when Mr. Branch was brutally beaten by other inmates and stabbed. And so we infer from that that's the harm. They didn't protect him. That's clearly alleged in the complaint. My problem is I'm trying to figure out if that was in retaliation for, and I am for that. What's your strongest argument that we should infer that? Well, there's two, Your Honor. The first is officers calling Mr. Branch a snitch and other disparaging names when they transferred him to the building where Salazay and Alvarez worked. These two officers, or that Salazay and Alvarez heard that, or? Yeah, well, sort of the idea there is the knowledge of Mr. Branch's activities was widespread. If it was multiple officers during multiple transfers that were calling him a snitch and other disparaging names. And the second is that those officers worked in the same building as Officer Umfenauer. And in fact, they were close enough to him that they could observe Mr. Branch being beaten. And he earlier had threatened Mr. Branch for submitting the declaration. Had actually said, you know, you'll be dealt with for submitting the declaration. But is there any indication that they heard Umfenauer say that? You'll be dealt with? Or did they do that? Not in the complaint, Your Honor. All right. But Mr. Branch only needs to allege a plausible explanation, even if there are other plausible explanations out there. You know, Starburst Baca, this panel opinion from the Ninth Circuit says that is sufficient for him to go on. And then also for the Powers and Mancinas retaliation claim, the district court determined that the intra-facility transfers were not adverse actions, but the court failed to address the unique circumstances of Mr. Branch's transfers. He alleges he was transferred five times in two weeks amid statements from prison officials calling him a snitch and other disparaging names to expose him to a substantial risk of serious bodily harm. And in fact, Mr. Branch was harmed after his last transfer to Building 250, where he was brutally beaten by inmates while defendants observed and failed to intervene. Now, since I do want to reserve two minutes on rebuttal, in closing, I'll respectfully request that the court reverse the district court's order, reinstate Mr. Branch's claims, and remand for further proceedings before the district judge. Thank you, counsel. You've got a couple minutes, so we'll reserve for you. Thank you. You bet. Opposing counsel, please. Good afternoon. Deputy Attorney General Jeffrey Fischer for the defendants' affilies. May it please the court. The plaintiff in this case received his day in court. He was able to present his plausibly pled claims to a jury, and the jury rejected them. In this appeal, the second appeal in this matter, plaintiff would like to reset that and get another opportunity to take his claims to trial. He raises three issues, none of which warrant such an extreme result as first, plaintiffs waived the opportunity to argue that the consent that they admit that he admits he freely and fairly gave somehow ceased to be effective when the defendants also consented to magistrate jurisdiction. Second, the district judge did not abuse his discretion in electing to deny Branch's motion to withdraw consent. And third, the district court did not in dismissing claims that magistrate judges had previously screened out from this case. So, beginning with the consent to jurisdiction issue, the court should find that that issue has been waived. That would, a contrary finding would be inconsistent with prior panel's decision, as Judge Beatty mentioned, and prior decisions of this court. This court has held repeatedly that if in cases like this, where there are two sequential appeals, a failure to raise an appeal will result in a waiver of that issue for any subsequent appeal in the same action. We cite those cases on page 24 of our brief. The failure to raise this issue when it was available, and it was available, results in waiver. Branch knew about when he submitted his form, knew when defendants consented, knew when the case was assigned to a magistrate judge, and did not move to withdraw his consent until several months later. That issue could have been it is not an issue jurisdictional in magnitude as the prior panel apparently concluded. It's factual in nature, and those sorts of issues can be waived. In some sense, it seems that plaintiff is asking for a legal rule that after some certain period of time, a consent that is freely given simply by operation of law ceases to function, but that would be... I certainly don't think he's raising a factual issue. He's saying that he interprets the rule to require simultaneous consent as a matter of law. That's not factual, or at least he presents that alternative. Do you want to engage in that, please? Certainly. Thank you. The statute does not on its face require contemporaneous consent, and a conclusion that it does require contemporaneous consent would be inconsistent with both the panel's prior decision in this case, Supreme Court precedent, and it would be simply inequitable under the facts of this case. As to the prior panel's decision, as Judge Beatty mentioned, the discussion of this issue in the prior panel's opinion indicates that they were aware of it. They were aware that there was a gap in the two consents, but did not see it as a jurisdictional issue. They noted it, noted it was not raised by plaintiff, and then the exact language in footnote four was, because Branch does not urge us to find that his consent lapsed prior to defendant's acceptance, we assume for purposes of this appeal that his consent remained effective. To conclude that raising this issue at this time is a strict legal matter would be inconsistent with that conclusion, because that prior panel would have had an obligation to analyze its own jurisdiction at that time, and if the magistrate judge that presided over the trial that was being challenged in that appeal left jurisdiction, there would be no jurisdiction over the appeal. The judgment would be annulled, and it would have to dismiss. So there couldn't be an opportunity on remand for that to sort of play itself out. It would also be inconsistent with the Supreme Court's decision in Rowell v. Withrow, which is at 538 U.S. 580, which this court discussed in Wilhelm v. Rotman, which we did use that in the briefs. That is the decision Rowell is, which established that consent to a magistrate for all purposes under section 636 not need to be expressed, and it does not need to be written, but can be implied through conduct, and if consent can be implied through a course of conduct, then there would be perhaps an express consent on one side, but an unclear period of time would pass before other parties' consent was concluded through that conduct, and so a strict contemporaneousness requirement would be inconsistent with the U.S. Supreme Court's decision in Rowell. It would also just be inequitable in this case, as it or decide that consent was a bad decision prior to the defendant's consent, but decided that he would like to withdraw his consent after discovering that the judge whom he pulled was not going to be favorable to him. If the court were to look at the record, particularly at, it is in court docket five and eight that the branch gives his consent. There is a long period during which the case is litigated through the screening process and other discovery-related disputes, and in October 2015, the court reminds both parties of the consent procedure. It reminds both parties that Mr. Branch has consented, in case that was something that had not occurred to him recently, and that the defendants had not. It gave the defendants a period of time to give their consent if they wanted to. The purpose of the order was to inform both parties that the court's docket was very crowded, and it was unclear when they might be able to proceed to trial if they insisted on proceeding before the different court. How would we, assuming we agreed with Mr. Branch, and we thought there should be some, it should be a contemporary issue, there should be some time frame, whatever the time frame is. If it's 30 days, a year, whatever it is, how do we, how does the court apply that in a case like this, where Mr. Branch filed his initial complaint in August, or he filed it in July or August 2008, he consented in August 2008 and again in September, but Umpenhower did not answer until 2011, August 2011, three years later, and Alvarez and Saez were served in 2013, five years later, so I mean, years had elapsed between, before parties entered the case, so what would we do? Should it be 30 days after a new party is served? Your Honor, respectfully, we would disagree that any such rule would be appropriate, for the reasons we've just discussed would be inconsistent with precedent, but it would also be just unworkable in most prisoner cases, as that is how most prisoner cases proceed, that the complaint is filed and then there is this screening process, though most of the time the plaintiff files their consent to magistrate jurisdiction when they file the complaint, as that is the most convenient time to do it, than filing other things with the court, and there is often a fairly lengthy period of time before the defendants respond for that purpose, which is why I believe that there is not a fixed rule for, that requires the two parties' consent to be within a particular period of time. I'm not sure if that answers your question, but our position would be that... Yes, it does, because the timing in this case, I mean, five years of the seven years that Mr. Branch complains of, were before all of the parties, two of the parties, at least, had even been served and answered, so, you know, I'm not sure how we apply a rule that has to be contemporaneous in those circumstances. Yes, Your Honor, and we don't... Katie can answer that when it's his time. Yes, ma'am, but to finish up the point that I was making, that the course of events, yes, there was this gap in time between the plaintiff's consent and the defendant's consent, but what prompted the defendant's consent was the court reminding both parties of the existence of the consent process and reminding both parties that, you know, they were free to withhold consent without substantive adverse consequences. That order came in October of 2015, and that's in the supplemental excerpts of record on page 33. The defendants responded with their consent approximately three weeks later, and then more weeks passed before a magistrate judge was actually assigned to the case, and at no time during that period did Mr. Branch indicate that he was no longer interested in having consented to a magistrate judge. He didn't actually move to withdraw his consent to the magistrate until several months later, after the magistrate judge had been assigned and issued the first adverse ruling against him, and the focus of his motion was arguing that the motion was wrongly denied and indicating that the denial of that motion suggested that the judge was biased against him. So in this case, it wouldn't really be equitable to apply a currently non-existent rule requiring the two forum shopping, which kind of brings me to my next point, which is that there was no abuse of discretion in the district court's decision on remand to deny Mr. Branch's motion to withdraw consent. The appropriate legal standard for a motion to withdraw consent is that the plaintiff has to establish extraordinary circumstances, and he simply did not do so. This court's prior panel described, elaborated a bit on ordinary circumstances standard, said that it was a high bar that is difficult to satisfy, and that is for purposes of avoiding gamesmanship. Can I turn you to another issue? On remand, the district judge dismissed Mr. Branch's remaining claims and appeared to rely on the several orders from the magistrate judges that Mr. Branch had an opportunity to amend. And I think his analysis was he was viewing that as futile because he had amended previously multiple times. But I guess the problem I'm having with that is in the interim, King versus Williams was decided. And so as a result of that case, that meant that those orders were nullity. The magistrate judges didn't have jurisdiction at that point. So what troubles me is how does the district judge rely on those orders that could no longer be considered valid to presumably conclude that it would be futile to allow Mr. Branch an opportunity to amend? Well, Your Honor, I think that what the magistrate judge did, I'm sorry, what the district court did in this case provided Branch with the process that he was due under those circumstances. The district court's decision did indicate that those prior magistrate judge decisions were a nullity and that they don't have legal force in effect, but they contain legal analysis. And what the district court did on remand was essentially to look at the analyses in those and effectively conduct a de novo review, look at each of the claims individually, and determine whether the rationale in those magistrate judge orders, treating them as recommendations, in effect, were sound. They weren't all necessarily consistent with each other. I thought the various magistrate judges took some different positions on various claims. I may be misremembering that, but I thought that the orders weren't entirely consistent. No, Your Honor. You were correct that there was an inconsistency between what I believe was the second screening order and what I believe was the third screening order. That what the magistrate judge found, I believe it was two claims were cognizable in the second screening order that the third screening order, which was more specific and parsed things more finely, found were not properly led. However, there were still multiple opportunities for Mr. Branch to amend during the course of the litigation in that he filed his initial complaint, that one was screened, filed a first amended, second amended complaint, and then moved to amend further and submitted what would have been a third amended complaint, which further augmented all the factual assertions. So this court has... It seems like you're scooting away a little bit, and I don't blame you because this is problematic for your team. Can you back up, please, and address... Judge Beatty went right to it. Right to it. How is it that the district judge on remand could adopt all of those prior orders where at least two of them are inconsistent with each other? How do we get past that? Well, Your Honor, I think that this court in other cases has endorsed the process of where it invalidated or determined that a magistrate judge issued an order without appropriate jurisdiction, treating that on remand as a recommendation rather than as an order. Right, right. Absolutely. But the problem is a blanket adoption is difficult in this case because there's some inconsistency. So what do we do with that? That's what Judge Beatty's leading you right up to. Yes, Your Honor. And the... I apologize that I'm not answering it more directly. I don't believe that the district judge did adopt those analyses. The district judge did look specifically to the facts that were alleged and the claims that were made and effectively conducted a de novo review, which is what would have happened if Mr. Branch had objected to the dismissal recommendation, treating those as recommendations, of each and every claim that was dismissed. So that might get you past the issue of the dismissal of the claims, but it still leaves you with the part of the order where the district judge didn't allow him an opportunity to try to cure. He didn't give him an opportunity to amend. And that seems problematic given that even if he did, as you say, de novo review and concluded that he dealt state of claim, various claims, his futility finding seems to be based on the number of complaints filed for the magistrate judges rather than... And the orders to which Mr. Branch responded by trying to file another amended complaint. And those orders are nullities. That's what's hanging me up here. How can we say it's okay for the district judge not to allow him an opportunity to amend? Well, Your Honor, over the course of the proceedings, the deficiencies with Mr. Branch's complaint were repeatedly pointed out to him and he was given opportunities to amend. So he did have the guidance that the dismissal and opportunities to amend would afford him. Ordinarily, while after multiple opportunities to amend, discretion builds in the district court and the review of a decision to deny further leave to amend is for an abuse of discretion. In this case, with the guidance of... I see I'm running out of time. May I just finish this one response? Sure, of course, of course. Thank you. With the guidance of the screening orders over the course of his multiple amendments, he was guided to try to provide additional factual matter to and yielded what would presumably be his most factually fulsome complaint. And that still failed to meet the pleading standard. We believe that the Zucco case would control and the district judge would have discretion to decide whether it would be fruitful to allow further amendment. And for those reasons, we believe this court should affirm. Thank you. Thank you, counsel. Before I turn it back over, Judge Feinemann, anything for counsel? No? Judge Beatty? Thank you. Okay. Well, then we'll put the couple minutes back on the clock for Mr. Sweeney and hear your rebuttal, please. Thank you, Your Honor. I would like to briefly address two points. First, if defendants wanted to argue that Mr. Branch somehow implicitly consented, they needed to raise it in their brief. They did not, so that argument is forfeited. Further, it's incorrect. Mr. Branch fully contested the magistrate judge's jurisdiction up to pretrial briefing, so this isn't a case of implied consent. And second, in response to a question that you presented to Mr. Fisher, the court could have issued magistrate judge consent forms after all parties had been served in this case. The court had to issue new forms for the new defendants anyway, so the burden at that point to issue a form to Mr. Branch would not be significant. And with that, thank you. All right. We'll go ahead and take this matter under advisement, and then thank both counsel for their arguments. Mr. Kenia, I want to thank you in particular for your pro bono service to the court. We're always benefited when we can get the assistance of pro bono counsel, and we appreciate it very, very much. You're welcome. We'll go ahead and stand in recess. That concludes our arguments for today.
judges: Christen, Feinerman, Bade